UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IYH ESTATES, LLC d/b/a MINT LEAF KOSHER,

                Plaintiff,

-against-

OHIO SECURITY INSURANCE COMPANY d/b/a LIBERTY MUTUAL INSURANCE,

                Defendant.

**ORDER**

25-CV-08319 (PMH)

PHILIP M. HALPERN, United States District Judge:

On October 8, 2025, Defendant Ohio Security Insurance Company d/b/a Liberty Mutual Insurance ("Defendant") filed a Notice of Removal seeking to remove this action from the Supreme Court of the State of New York, County of Orange, to this Court. (Doc. 1, "Not. of Removal"). For the reasons set forth below, this matter is REMANDED to the Supreme Court of the State of New York, County of Orange.

## BACKGROUND

On or about August 25, 2025, Plaintiff IYH Estates, LLC d/b/a Mint Leaf Kosher ("Plaintiff") filed a Summons and Complaint commencing this action against Defendant in the Supreme Court of the State of New York, County of Orange. (*See* Not. of Removal ¶ 1; *see also* Doc. 1-1, "Compl."). Defendant avers it received service of the Summons and Complaint on September 8, 2025. (Not. of Removal ¶ 2). Plaintiff claimed that as a result of a fire that occurred on or about March 23, 2023, it suffered various damages including building damage, loss of contents and inventory, incurrence of extra expenses, and loss of building income. (Compl. ¶¶ 4-5). The underlying allegations are as follows: (1) Plaintiff holds an insurance policy issued by Defendant; (2) Plaintiff made a timely claim with Defendant for damages caused by the fire; (3)

Plaintiff received several payments from Defendant as a result of the claim; and (4) Plaintiff claims that Defendant has refused to pay the full amount it was responsible to pay to Plaintiff. (*Id.* ¶¶ 6-18). Accordingly, Plaintiff presses a single claim for breach of contract against Defendant to recoup the difference in payments allegedly owed. (*See, generally*, *id.*).

Defendant argues that this Court has subject-matter jurisdiction over this dispute because: (1) complete diversity exists between the parties; and (2) the amount in controversy exceeds the sum or value of $75,000. (Not. of Removal ¶¶ 10-15). Defendant makes two points to support its amount in controversy contention. First, while Plaintiff does not identify an amount in controversy (*Id.* ¶ 9 (Plaintiff "seeks damages . . . which exceed[] the jurisdictional limits of all lower courts"); *see also* Compl. ¶ 23 ("the damages suffered by [Plaintiff] exceed the jurisdictional threshold")), Defendant contends that during conversations with Plaintiff regarding Plaintiff's "pre-complaint demand," Plaintiff "repeatedly stated that it was owed various amounts over $75,000." (Not. of Removal ¶¶ 8, 15). Second, Defendant submits that the amount in controversy prong is satisfied as the "Policy contains multiple limits and sublimits totaling more than $6,000,000." (*Id.* ¶ 16).

## ANALYSIS

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." Pertinent here, the Court has original jurisdiction over civil actions where: (1) the dispute is between citizens of different States; and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). "[T]he Supreme Court has held that the party asserting diversity jurisdiction in federal court has the burden of establishing the existence of the jurisdictional amount in controversy." *Villafana v. So*, No. 13-CV-00180, 2013 WL 2367792, at *1 (S.D.N.Y. May 29, 2013) (quoting *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273 (2d Cir. 1994)). While the removing party need

not "prove the amount in controversy to an absolute certainty," it has "the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Id.* (quoting *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000)). "[I]f the jurisdictional amount is not clearly alleged in the . . . complaint, and the . . . notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Id.* (quoting *Lupo*, 28 F.3d at 273-74).[1]

Defendant offers two arguments concerning the amount in controversy. Neither establishes to a reasonable probability that Plaintiff's single claim exceeds the statutory jurisdictional amount.

Defendant's first argument relies upon a "pre-complaint demand" and conversations that Defendant purportedly had with Plaintiff to establish that Plaintiff was "owed various amounts over $75,000." (Not. of Removal ¶¶ 7-8, 15). The conclusory statement that the amount in controversy exceeds $75,000 is insufficient for the Court to determine by a preponderance of the evidence that the jurisdictional threshold of 28 U.S.C. § 1332(a) has been met. *See Villafana*, 2013 WL 2367792, at *2; *Sailer v. Responsive Trucking, Inc.*, No. 12-CV-4822, 2012 WL 4888300, at *2 (S.D.N.Y. Oct. 15, 2012); *see also Daversa v. Cowan Equip. Leasing, LLC*, No. 20-CV-163, 2020 WL 967436, at *3 (E.D.N.Y. Feb. 28, 2020). Moreover, "district courts in this circuit have held that an oral settlement demand is not a sufficient basis for removal." *See, e.g.*, *Meijas v. McIvery*, No. 22-CV-09830, 2022 WL 17104063 at *2 (S.D.N.Y. Nov. 22, 2022) (collecting cases).

---

[1] "[C]ourts have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Nguyen v. FXCM Inc.*, 364 F. Supp. 3d 227, 237 (S.D.N.Y. 2019) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)); *see also* Fed. R. Civ. P. 12(h)(3).

Defendant's second argument fares no better. Specifically, Defendant claims that "[i]n determining whether the amount in controversy is met, courts also look to the limits of the applicable policy." (Not. of Removal ¶ 16). It is, however, only "[i]n actions for declaratory or injunctive relief" when "the amount in controversy is measured by the value of the object of the litigation." *Washington Nat'l Ins. Co. v. OBEX Grp. LLC*, 958 F.3d 126, 135 (2d Cir. 2020) (internal quotation marks omitted). Plaintiff does not seek declaratory or injunctive relief. Rather, Plaintiff seeks money damages on a breach of contract claim.[2] Accordingly, the proper measure of the amount in controversy looks to:

> the amount recoverable under contract law. In a breach of contract action in New York, the measure of damages is compensatory, that which the plaintiff needs to be made whole.

*Pollock v. Trustmark Ins. Co.*, 367 F. Supp. 2d 293, 297 (E.D.N.Y. 2005). Plaintiff complains that Defendant "has not made payments for all of the loss and/or damage caused by the Fire," and "continues to withhold payment of monies due under the Claim," claiming only that any resulting damages "exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter." (Compl. ¶¶ 12-23). However, it is plain that this language is in reference to the "lower civil courts of New York," which may not hear actions seeking to recover more than $50,000, and not a reference to the federal jurisdictional minimum. N.Y. City Civ. Ct. Act § 202 (McKinney). Accordingly, such allegation is similarly insufficient to establish that the amount in controversy exceeds $75,000. *See Gregory Wayne Designs, LLC v. Lowry*, No. 24-CV-02109, 2024 WL 3518584, at *4 (S.D.N.Y. July 24, 2024).

---

[2] The case law Defendant cites to support this argument concerns a declaratory judgment claim (*see* Not. of Removal ¶ 16) and is thus inapplicable here. *See Duzer Realty Corp. v. U.S. Underwriters Ins. Co.*, No. 12-CV-00926, 2012 WL 2872306 at *2 (E.D.N.Y. July 12, 2012).

As this Court is required to "construe the removal statute narrowly, resolving any doubts against removability," *Lupo*, 28 F.3d at 274 (quoting *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991)), Defendant's arguments are, as outlined above, insufficient for the Court to determine by a preponderance of the evidence that the facts herein meet the jurisdictional threshold of 28 U.S.C. § 1332(a).[3]

## CONCLUSION

Based upon the foregoing, the Court concludes that Defendant failed to satisfy its burden of establishing that the amount in controversy exceeds $75,000. Removal is therefore improper. Accordingly, this action is REMANDED to the Supreme Court of the State of New York, County of Orange. The Clerk of the Court is respectfully directed to send a copy of this Order to the Supreme Court of the State of New York, County of Orange, and to close this action. All pending matters are hereby terminated.

SO ORDERED:

Dated:   White Plains, New York
         October 14, 2025

_____
PHILIP M. HALPERN
United States District Judge

---

[3] The Court also notes that Defendant filed a Civil Cover Sheet that indicates a "Demand" of $575,000. (Doc. 2). Defendant, however, did not plead any facts concerning that figure in its Notice of Removal and fails to include any documents to support this number. Accordingly, the notation in the Civil Cover Sheet is similarly insufficient to show a reasonable probability that Plaintiff's claim is in excess of the statutory jurisdictional amount.